THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA, ESQ. (NEVADA BAR NO. 8599)
311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
david@omaralaw.net

Ryan E. Long, California Bar No. 291363
(*Comply with LA IA 11-2 within 14 days*)
LONG & ASSOCIATES PLLC
23465 Civic Center Way, Bldg. #9
Malibu, CA 90265
Telephone: (424) 322-9233
Facsimile: (424) 252-2417
rlong@landapllc.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| EDDIE CRUZ, and SIMPLEFLIPS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAH HICKS,<br><br>Defendant. | Civil Action No. ___________<br><br>**COMPLAINT FOR DEFAMATION, PER SE DEFAMATION, AND TORTIOUS INTERFERENCE WITH CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Eddie Cruz ("Cruz") and Simple Flips LLC ("SimpleFlips") (hereinafter collectively "Plaintiffs") allege the following upon information and

belief as to the acts of others. As to their own actions, they allege the following upon personal belief:

## I. Preliminary Statement

2. Up until 2021, Plaintiff Cruz was supporting Defendant Hicks financially, including via the payment of her student loans. In or about 2021, however, they had a nasty break-up. Thereafter, Defendant Hicks started tarnishing Plaintiff Cruz's reputation via defamatory and extreme posts about him being a domestic and/or sexual abuser of her or other women. Sexual and/or domestic abuse is a crime in Nevada. Prior to that date and their breakup, she had posted no such things.

3. Plaintiff Cruz is a humorous gaming professional. He goes by the name "SimpleFlips." Through his speed play gaming on Mario Brothers and other platforms, he has been able to generate revenues through social media, You Tube, and Twitch. In or about 2017, he met Defendant Hicks, who has no social media following through which she generates revenues. Their relationship was rocky from the start and they broke up in 2018. Thereafter, they reunited, only for them to split again – this time for good in 2021.

4. Only after their second break up did Defendant Hicks start defaming Plaintiff Cruz as a sexual or domestic abuser – not only of her, but about other women. There has been no conviction of Plaintiff Cruz for sexual or domestic – not

even an indictment. Given Defendant's bitterness towards Mr. Cruz, she spread this inflammatory gossip about her ex-beau so as to hurt his reputation and livelihood, for which she benefitted after so many years of his support and succor. Upon information and belief according to the Plaintiffs, she was bitter at no longer being able to live under his financial umbrella. She was also resentful of his success. This notion is supported by the fact that Ms. Hicks never defamed Plaintiff Cruz this way to the public before their break-up.

5. The Defendant's defamation was posted on her social media – Twitter included. She also contacted various vendors of Plaintiffs to intentionally injure their relationships with them through accusations of Mr. Cruz being a sexual or domestic abuser. In this day and age of technology, the words of one person, including rumor and innuendo, can cross the country in one second before they are challenged as being extreme or patently false. As a result of the foregoing, Plaintiffs' business has suffered and they have incurred approximately $118,500.00 in special damages. What is more, Plaintiff Cruz has spent countless sleepless anxiety ridden nights over these salacious and untrue allegations.

6. In August of 2026, Plaintiffs sent a demand letter to Defendant's counsel. This letter sought a retraction of these statements about Mr. Cruz being a serial sexual abuser of Ms. Hicks and other women. Unfortunately, the letter was ignored.

7. Consequently, Plaintiffs were forced to file this lawsuit.

8. Plaintiffs bring this action for the following: (1) defamation against Defendant Hicks, for which Plaintiffs seek special damages totaling $118,500.00 to the extent any of her challenged statements are not per se defamatory, (2) per se defamation against Defendant Hicks for which Plaintiffs seek general presumed damages of $1,000,000.00 and punitive damages of $3,000,000.00, given that Defendant Hicks knew that Plaintiff Cruz never sexually or domestically abused her, even if there were some miscommunications in their sexual dalliances, and (3) tortious interference with contractual relations for Defendant Hicks intentional dispersing of libelous content to Plaintiffs' vendors, mere accusation, for the purpose of disrupting their relationships, resulting in $118,500.00 damages or an amount to be determined at trial.

9. The foregoing factual allegations are more fully supported below.

## II. Parties

10. Since 2022, Plaintiff Cruz has been domiciled in the city of Las Vegas, Nevada. In or about, September 2012 he founded and launched SimpleFlips. He also operates online and via social media under that moniker – "SimpleFlips." He is an American YouTuber and streamer known for his *Super Mario 64* ROM hack and *Super Mario Maker 2* videos. He began his career as a speed runner for Super Mario 64. This game is what he is widely known for. "Speed running" is playing a video

game as fast as possible. He is also well known for his jokes and memes that are referenced in this content, and for being an active member of the You Tube group Minus World. *See* https://youtube.fandom.com/wiki/SimpleFlips Mr. Cruz also promotes his personal branding through his Twitter and Twitch accounts, which are @SimpleFlips and SimpleFlips, respectively.

11. Plaintiff SimpleFlips is a California limited liability company. Mr. Cruz is the only member of the company. Since its founding, SimpleFlips has sold merchandise and other branded content to promote Mr. Cruz's personal brand. The company's website --https://simpleflips.shop -- has approximately 15,856 monthly unique visitors a year. It's You Tube channel has 339,639 visitors per month

12. Defendant Leah Hicks is, upon information and belief, domiciled in Fresno, California. Upon further information and belief, since at least in or about 2017, she has maintained a Twitter account using the handle "loohhooo." During the relevant time period, as more fully set forth below, Ms. Hicks has penned online defamation from, upon information and belief, California which was specifically intended to injure the reputation of Plaintiff Cruz and his company in Nevada.

## **III. <u>Jurisdiction and Venue</u>**

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

14. As for personal jurisdiction, this Court has it pursuant to Nev. Rev. Stat. §14.065(1) and (2).

15. This Court has specific jurisdiction over Defendant Hicks. The following facts evidence that she purposefully directed her activities from California to this District since at least 2022:

(a) June 2022 -- On or about June of 2022, Mr. Cruz relocated from L.A. to Las Vegas, which then become his domicile. On June 21, he posted via his Twitter feed that "I'm officially moving to Nevada." Ms. Hicks was following Mr. Cruz's Twitter feed up until 2022, at which point Mr. Cruz blocked her. However, as a blocked user, she could still see his posts. Upon information and belief, Ms. Hicks "lives on Twitter." She responded to numerous of Mr. Cruz's posts. Upon further information and belief, Ms. Hicks was on actual or constructive notice as of this date that Mr. Cruz was living in Nevada.

(b) October / November 2022 -- On or about October 5th of 2022, Defendant Hicks posted about Plaintiff Cruz "*abusers* will always victimize themselves once you cut them off, not just for them but for everyone around them." (Emphasis added) Later on that year, on November 4th, she stated via Twitter that she was "randomly ostracized from Twitch streams because my *abuser* [Mr. Cruz] has more influence than me[.]" (Emphasis added) To buttress her viewpoint, she said on November 6th, again via Twitter, "[r]eally rich coming from @Simpleflips who

*assaulted* me at least twice . . . didn't pull out on purpose *without consent* bcus I'd 'take plan B anyway," which implicates a rape. (Emphasis added) "@SimpleFlips" is the Twitter name for the Plaintiff Cruz.

(c) 2024 -- In or about March of 2024, Mr. Cruz posted a video online via You Tube that he had relocated to Nevada from L.A. Upon information and belief, Ms. Hicks was aware of his relocation before this post. Ms. Hicks was, upon information and Mr. Cruz's belief, actively following him on social media prior to and including this date.

(d) 2025 -- Ms. Hicks posted on March 31st that Mr. Cruz raped and abused her. In these posts, she said he had done "physical . . . abuse across multiple relationships," that he "sexually assaulted" her, was guilty of "a crime (unconsented insemination)"), or was guilty of rape, "full stop." Upon information and belief, at no time did Ms. Hicks report Mr. Cruz for raping or otherwise sexually abusing her. Ms. Hicks amended her 2021 post in 2025. In the September 13th addendum to the 2021 post, Ms. Hicks alleges that she has a "[c]collection of evidence from 4 [Cruz] victims (including myself)." However, when the link is clicked to access, it merely has allegations of certain conduct by Plaintiff Cruz via public postings about Ms. Hicks and only from Ms. Hicks. This makes the rumor and innuendo that Mr. Cruz is a serial abuser based in Nevada even more of a cloud of manufactured artificial smoke without fire. Per a You Tube account post in or about the same 2025 time

period, Ms. Hicks stated that "SimpleFlips has still been *abusing and harassing women for the past 4 years*." (Emphasis added).

(e) March 2026 -- In conjunction with the foregoing, Ms. Hicks has been reaching out to various vendors of Mr. Cruz to tortiously interfere with these contractual relationships via defamation or per se defamation. That month, Ms. Hicks, upon information and belief, directly or indirectly corresponded with Speedrun.com and was able to get him taken off the platform with accusations that he sexually abused her. Ms. Hicks posted on Twitter about her ability to ruin this commercial relationship with this vendor based on mere allegation.

(f) Ms. Hicks then directly communicated with Crowdmade later in 2026. In the correspondence, she mentions how Mr. Cruz "has been publicly *accused* by four different women, including myself, *of abuse and serious misconduct* in past relationships." (Emphasis added) There is no accusation that Plaintiff Cruz has been convicted of anything or that these accusations are any more than that – unproved, unsupported allegations of one person, Ms. Hicks.

(g) In or about May of 2026, Ms. Hicks started a Go Fund me. This was to assist in her efforts to sue Plaintiff Cruz and SimpleFlips. In the post, she mentions "I am currently in the middle of a serious legal matter involving domestic violence, and I'm moving forward with a domestic violence restraining order." She goes on to allege "[t]his situation has been made even more difficult by the fact that my ex,

known online as SimpleFlips, has a large public platform." This post shows that Defendant Hicks was aware of Plaintiff's platform, on which he posted about relocating to Nevada.

## IV. Factual Allegations

### *A. A promising relationship runs amok.*

16. Plaintiff Cruz and Defendant Hicks started dating in or about 2017. Thereafter, they broke up in 2018. They reunited. However, post Covid, they had a less than amicable separation in 2021.

17. Throughout their relationship, Plaintiff Cruz paid for Defendant Hicks's expenses. He has receipts and other documentation showing that he was supporting her between December 2017 - 2021, including paying off her student loan.

18. Nonetheless, only after their second breakup, Defendant Hicks started defaming Plaintiff Cruz for the first time publicly as an abusive person. These posts either expressly stated or implied that he sexually assaulted her in various forums, at times generating as many as 89.1 thousand views. Above and below, some of the most salacious of these posts are highlighted.

***B. Defamatory statements***

**1. *2021 – "abuse"***

19. After their second break up in 2021, Defendant Hicks claimed that Plaintiff Cruz sexually assaulted her. In a Google Docs post that went public in or about October 8, 2021, Ms. Hicks – publishing as "Looh" – posted a chronology from 2017 – 2019 about "Power dynamic imbalance and abuse." This link is still live and circulating on the internet, as there is a link to the 2021 defamation on Twitter. *See* https://x.com/loohhooo/status/2049135957992206573. Then, on or about October 10th, Ms. Hicks – using the name "@loohhooo" posted the foregoing on Twitter but then took it down.

20. This being said, in or about the same time period, Ms. Hicks said in correspondence via Twitter: "*he didn't do anything wrong*." (Emphasis added) This was after Ms. Hicks evidently compelled Mr. Cruz to write a less than flattering Tweet about himself that included a false narrative.

**2. *2022 - 2026***

21. Defendant Hicks's statements from 2022 - 2026 are more fully set forth above. *See* ¶15, *infra*. The statements that Plaintiff is an "abuser" of women expressly mean or imply that he is either a sexual abuser or habitual originator of domestic violence. In either case, these are crimes under Nevada law. *See* NRS

§§200.36 and 200.485. The former is a felony and the latter can either be a misdemeanor or a felony, depending on the circumstances.

22. These factual statements about Plaintiff Cruz being a sexual abuser of women, in general, and Ms. Hicks, in particular, are false. These statements are contradicted by witnesses or documentary evidence. This includes testimony from a witness that any allegation of abuse during the ten-year period from 2017 onwards is inconsistent with Mr. Cruz's character. As for the statements on the You Tube post, one poster "Victuracor" has stated publicly "the title of your post is false." Victuracor divulged to Plaintiffs' counsel that Mr. Cruz "is not the kind of person to abuse, but rather, the kind who is susceptible to abuse, and [Ms. Hicks] has come across to me as a controlling person." Victuracor also said that Ms. Hicks "has made multiple attempts at character assassination of Eddie online since they separated," including Ms. Hicks reaching out to Mr. Cruz's new girlfriend and to "poison the relationship, causing another wave of online drama." There is no legal or other justification in Defendant Hicks contacting Mr. Cruz's new romantic interest with the intent of sabotaging the relationship with, upon information and belief, defamatory communications.

***C. Damages***

23. Plaintiffs have suffered special damages. From its founding up and until 2021, the company has developed relationships with various clients. However, after

Defendant Hicks defamation in 2021, various sponsors canceled their relationships with Plaintiff Cruz. The value of these canceled sponsorships is worth approximately $70,000.00.

24. In conjunction, Plaintiff Cruz has seen a steep decline in the merchandising of the company, from $52.8k in or about 2021 to approximately $16K in 2025, which is a $36,000.00 value drop. As a related quantum of damage, Plaintiffs' You Tube revenues have been injured by Defendant Hicks's defamatory posts, from a peak of $17,500.00 to roughly $5,000.00, or $12,500.00. In total Plaintiffs Cruz and SimpleFlips have incurred at least $118,500.00 in special damages.

25. Regardless, these statements alleging abuse and rape are *per se* defamatory. Plaintiff Cruz's reputational damages are presumed. As a result of the foregoing statements, Plaintiff Cruz and his company's reputation in Nevada have been injured, as evidenced by the deplatforming of him personally by various digital venues. Because Mr. Cruz never sexually abused or domestically assaulted Ms. Hicks, he will be seeking $1,000,000.00 in compensatory damages considering her statements that he, in essence, raped or sexually abused her. This is an approximation of his reputational damage.

**<u>FIRST CAUSE OF ACTION</u>**

**DEFAMATION**

26. Plaintiffs restate each and every allegation contained in the paragraphs above, as though fully cited in this paragraph.

27. Defendant has defamed the Plaintiffs since 2021. These statements include that Plaintiff Cruz sexually or domestically abused the Defendant and other women. Sexual and domestic assault are crimes in the state of Nevada. Defendant publicized the statements to third parties without any related privilege to do so, including, upon information and belief, to Plaintiff's new girlfriend. All the while, Defendant knew or should have known the statements were false. She was at least negligent in making the statements. At most, Defendant knew that she was never sexually assaulted or abused by the Plaintiff – but made the untrue statements to cast the Plaintiff in a false light with the apparent intent to injure his reputation. As a result of the foregoing, Plaintiff has suffered special damages totaling approximately $118,500.00.

28. As a result of the foregoing, Defendant is liable to Plaintiff for $118,500.00 in special damages and punitive damages totaling $355,500.00, or an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**DEFAMATION PER SE**

29. Plaintiffs restate each and every allegation contained in the paragraphs above, as though fully cited in this paragraph.

30. Defendant's publication to the public at large that Plaintiff Cruz sexually or domestically abused or assaulted her is imputation of a crime. Defendant had no justification in making these statements and, upon information and belief, made them with malice and intent so as to damage the Defendant's reputation – including with other women. These statements have been widely circulated to the public, at times receiving 89,000 online views.

31. As a result, Defendant is liable to Plaintiffs for presumed reputational damages as a result of her per se defamation totaling $1,000,000.00. Plaintiffs seek punitive damages totaling $3,000,000.00 in light of Defendant's apparent intent in contacting third parties, including Plaintiff's subsequent girlfriends, to intentionally damage his and his company's reputation with imputation of criminal conduct.

**THIRD CAUSE OF ACTION**

**TORTIOUS INTEREFERENCE WITH CONTRACTUAL RELATIONS**

32. Plaintiffs restate each and every allegation contained in the paragraphs above, as though fully cited in this paragraph

33. Defendant has also tortiously interfered with Plaintiff SimpleFlips's contractual relationships via improper means – namely making per se defamatory remarks to the foregoing vendors.

34. As a result of such interference, these vendors have terminated their contractual relations with the Plaintiff. These relationships have been disrupted due to Defendant's defamatory remarks and would have, but for them, continued.

35. This has caused Plaintiffs compensatory damages totaling approximately $118,500.00 or at an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray that the Court declare, adjudge and decree that:

1. Defendant is liable to Plaintiffs for the foregoing defamation and related special damages totaling $118,500.00 or an amount to be determined at trial;

2. Defendant is liable to Plaintiffs for the foregoing per se defamation damages totaling $1,000,000.00 and punitive damages of $3,000,000.00 or an amount to be determined at trial;

3. Defendant is liable to Plaintiffs for tortiously interfering with their contractual relations resulting in damages totaling $118,500.00 or an amount to be determined at trial;

4. Plaintiffs recover their costs of this lawsuit, including reasonable attorneys' fees, in addition to pre and post judgment interest;

5. Plaintiffs are granted such other, further, and different relief as may be deemed just and proper by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury

Dated: October 7, 2026

THE O'MARA LAW FIRM, P.C.

/s/ David C. O'Mara, Esq.

DAVID C. O'MARA, ESQ.
311 E. Liberty St
Reno, NV 89501
775.323.1321
david@omaralaw.net

Ryan E. Long, California Bar No. 291363
*(Comply with LA IA 11-2 in 14 days*)
LONG & ASSOCIATES PLLC
23465 Civic Center Way, Bldg. #9
Malibu, CA 90265
Telephone: (424) 322-9233
Facsimile: (424) 252-2417
rlong@landapllc.com

*Counsel for Plaintiffs*