X FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
FEBRUARY 13, 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*IN RE*: CONSENT AND REFERRALS TO UNITED STATES MAGISTRATE JUDGES UNDER 28 U.S.C. § 636

**THIRD AMENDED**

**GENERAL ORDER 2023-11**

This General Order is adopted under 28 U.S.C. § 636(c) and United States District Court for the District of Nevada Local Rules IB 2-1 and 2-2. The District Judges hereby designate the Magistrate Judges of this District to exercise jurisdiction over civil matters, and specially designate them to enter final judgments in civil cases, provided all parties to the case consent to proceed before the Magistrate Judge as established in this Order. The goal of these procedures is to increase the percentage of consent cases to further advance Rule 1 of the Federal Rules of Civil Procedure's mandate: "to secure the just, speedy, and inexpensive determination of every action and proceeding."

This court direct assigns a percentage of most newly filed civil cases and reassigned cases to Magistrate Judges. Consent to a Magistrate Judge is voluntary. When a case is directly assigned to a Magistrate Judge, all parties are provided with an option to decline consent form ("the Form"). Any party may decline consent by signing and returning the Form to the court. Each party will be deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge if the Form is not returned within 45 days from their first appearance in the case. This Order does not modify the random assignment of other civil cases to a District Judge. In those cases, a Magistrate Judge will also be assigned to handle all pretrial and non-dispositive matters.

**General Objectives and Applicability.** In most cases, a civil case is randomly assigned to a U.S. District Judge and a U.S. Magistrate Judge. Local Rule IB 1-3 gives the Magistrate Judges the authority to hear and finally determine pretrial and non-dispositive matters, and any

appeal of the Magistrate Judge's rulings are made to the District Judge. It is the intent of the court to facilitate the direct assignment of civil cases under 28 U.S.C. § 636 to the Magistrate Judges to make decisions affecting the final disposition of cases. The public, the parties to civil litigation, and the court are well served by assignment to Magistrate Judges of all appropriate cases. This Order does not apply to the following:

a. Cases in which a plaintiff seeks review under 42 U.S.C. § 405(g) of a decision of the Commissioner of Social Security. Those cases are governed by a different general order.

b. Bankruptcy appeals and bankruptcy withdrawals.

c. Habeas petitions and prisoner civil rights cases.

d. Cases in which a motion for preliminary injunction or temporary restraining order is filed simultaneously with the complaint.

e. Class or collective actions.

f. Cases involving parties not represented by counsel.

**Procedure for Assignment and Consent.** A percentage of all newly filed, non-exempt civil cases and reassigned cases will be assigned to the Magistrate Judges through the Clerk of Court's random civil case assignment system. Cases filed in the unofficial Southern Division of the court will be assigned only to Magistrate Judges sitting in that division, and the same will apply to the unofficial Northern Division. The Chief Judge will determine the percentage of cases to assign the Magistrate Judges from time-to-time.

Once a case is assigned or reassigned to a Magistrate Judge, the Clerk will:

(a) advise the parties that consent to the assigned Magistrate Judge is voluntary and that consent may be declined;

(b) docket a copy of this Order and the Form. The Clerk will also mail a copy of this Order and the Form to all plaintiffs proceeding *pro se* and enter the event on the docket;

(c) advise the parties that, should they choose to decline consent, the Form must be filed in the docket or sent to the Clerk within 45 days of their first appearance in the case; and

(d) advise the parties that, upon receipt of a declination of consent (the Form), the case will be assigned to a District Judge randomly selected from the District Judges in the division where the case is properly filed.

Any party wishing to decline consent must file or send the Form to the Clerk's Office within 45 days from their first appearance in the case. If the Form is not returned by this deadline, each party is deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge under 28 U.S.C. § 636(c).

All matters that arise in a case before the deadline by which consent must be declined are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b).

The Magistrate Judge assigned to the case will handle all dispositive, non-dispositive, and pretrial matters, including discovery. Any Early Neutral Evaluation or Settlement Conference may be assigned to a different Magistrate Judge on a random basis. Any appeal of an order or final judgment will be taken to the United States Court of Appeals for the Ninth Circuit.

A Magistrate Judge may recuse from a case upon determination that there is a conflict of interest. In that event, another Magistrate Judge will be randomly assigned as the presiding judge and no further declination of consent will be entertained beyond the date designated in the Form originally sent to each party.

If any party declines consent, the case will be returned to the random civil case assignment system for selection of a District Judge. The previously assigned Magistrate Judge will remain assigned to the case and will handle all pretrial and non-dispositive matters. The identity of a declining party will not be disclosed to any judge.

A party seeking to withdraw consent must file a motion to do so. The case will be randomly assigned to a District Judge to resolve the issue of consent. If withdrawal of consent is granted, the assigned District Judge will remain as the presiding judge. The previously assigned Magistrate Judge will remain assigned to the case regardless of the outcome of the motion.

In all cases assigned to a District Judge, the parties may nevertheless consent to having the case heard by the Magistrate Judge on the case, who will then be assigned as the presiding judge. If the parties consent, the Clerk must reassign the case to the Magistrate Judge already assigned to the case as set forth under 28 U.S.C. § 636(c).

**District Judge May Transfer a Case Based on Stipulation.** A District Judge may, in their discretion, transfer a case at any time to the Magistrate Judge already assigned to the case based on the consent of all parties.

**Proceedings In Forma Pauperis.** Unless the court otherwise directs, upon filing, the Clerk must assign to a Magistrate Judge all motions and applications to proceed in forma pauperis ("IFP"). All applications to proceed IFP are deemed referred under 28 U.S.C. § 636. Any reference received from a Court of Appeals for the limited purpose of determining whether an appellant's IFP status should continue or whether the appeal is frivolous or taken in bad faith must be reviewed by the judge who made the final decision that resulted in the appeal.

DATED THIS 13th day of February, 2026.

ANDREW P. GORDON, CHIEF JUDGE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA